**John Willie THOMAS, Petitioner,**

v.

**Harold V. FIELD, Respondent.**

**Civ. No. 69–390.**

United States District Court
C. D. California.

July 23, 1969.

John Willie Thomas, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Edward Duddy, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

## ORDER DENYING PETITION
## FOR
## WRIT OF HABEAS CORPUS

HAUK, District Judge.

Petitioner, a California State prisoner presently incarcerated at the West Facility, California Men's Colony in Los Padres, California, was convicted of a violation of Section 11501 of the California Health and Safety Code (unlawful sale of heroin).

Petitioner appealed the judgment of conviction. However, court-appointed counsel filed a "Statement of Counsel" expressing the opinion that there were no meritorious grounds of appeal. On December 15, 1966, the California Court of Appeal, Second Appellate District, Division Three, filed an opinion affirming the conviction. The opinion was certified for nonpublication.

The California Supreme Court granted a hearing, and on February 8, 1967, retransferred the case to the Appellate Court with directions to terminate the appointment of petitioner's counsel on appeal and to appoint another counsel. On February 15, 1967, the Court of Appeal appointed new counsel, and on July 31, 1967 in an opinion certified for nonpublication, the Court of Appeal again affirmed petitioner's conviction.

On February 19, 1969, the California Supreme Court denied petitioner's application for a writ of habeas corpus which had been sought on the ground that petitioner had been denied his Sixth Amendment right to confront the witnesses against him.

In the present petition, petitioner contends:

(1) that he was denied the right to confront a witness at his trial in that the prosecution failed to establish that an informer was not available at the time of trial;

(2) that petitioner's rights were not protected by the trial judge.

After reviewing the Petition for Writ of Habeas Corpus, the Response, the Traverse, the Clerk's and Reporter's Transcripts on Appeal, the aforesaid nonpublished opinions of the California Court of Appeal, Appellant's Brief on Appeal, and the arguments and authorities set forth by the parties, this Court is fully advised in the premises and thus orders that the Petition for Writ of Habeas Corpus be denied for the following reasons:

In essence, petitioner is claiming that he was denied his Sixth Amendment right to confront a witness against him; and that the trial judge did not adequately protect his rights—(presum-

ably the rights to "confrontation" and "due process"). These contentions arise from the fact that one Wilton Featherstone, a police informant, was present at two transactions where petitioner sold heroin to a police officer, but was not called by the prosecution to testify at the trial. However, there is nothing in the record to indicate that petitioner made any effort to secure the presence of Mr. Featherstone as a witness in his behalf, or that the prosecution was guilty of deception or of efforts to prevent his presence; and, petitioner offers no factual basis for his contention that the trial judge did not properly safeguard his rights.

Although the opinions of the California Court of Appeal ostensibly deal with the *only* appealable issue that two appointed counsel were able to find, namely the trial court's failure to give a proffered jury instruction regarding the weight to be given the People's evidence where an informer-participant was not produced by the People, that Appellate Court, in essence, considered the merits of petitioner's present contentions and found that petitioner was not entitled to any relief. The reasons for its conclusions were set forth in two opinions which were certified for nonpublication.

This Court has reviewed and analyzed the relevant facts as set forth in the Petition, the Response and the aforementioned opinions, and finds that petitioner has not overcome the presumption that the conclusions expressed in the State Court's written opinion are correct, pursuant to 28 U.S.C. § 2254(d):

> "In any proceeding instituted in a Federal Court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction * * *, evidenced by a * * * written opinion, * * * shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear * * *

> (6) that the applicant did not receive a full, fair, and adequate hearing * * *; or

> (7) that the applicant was otherwise denied due process of law * * *."

■ From this Court's examination of the relevant facts and proceedings in the State courts, it appears that petitioner's contentions were adequately litigated, that the State process gave him fair consideration of the issues and of the evidence, and that the State courts made determinations which are supported by substantial evidence. We properly conclude that the State triers of fact have applied correct standards of Federal law to the facts in this case. Townsend v. Sain, 372 U.S. 293, 314–315, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

From the preceding analysis of petitioner's contentions, it is apparent that there are no grounds or reasons of any kind set forth to support the granting of an evidentiary hearing, or to support the issuance of a writ of habeas corpus.

Therefore, it is hereby ordered that the Petition for Writ of Habeas Corpus be, and the same is, denied.